**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

**v.**                                                                                  **5:04-CR-345 (NAM)**

**SEAN SOUTHLAND,**

        **Defendant.**
_____

APPEARANCES:                                                     OF COUNSEL:

Glenn T. Suddaby                                                 Thomas A. Capezza
United States Attorney                                           Assistant United States Attorney
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

Harold R. Short, Petitioner *Pro se*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Sean Southland, a defendant in the above-captioned action, was indicted on June 30, 2004, on a charge of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846. The indictment also contained a forfeiture count alleging that a 2002 Mercedes Benz C240, in the name of Phoenician Automotive Group, Inc., was subject to forfeiture pursuant to 21 U.S.C. § 853(c). On November 29, 2004, Southland pled guilty to the charge of conspiracy alleged in the indictment and forfeited any interest he had in the Mercedes. On January 28, 2005, the Court issued a Preliminary Order of Forfeiture regarding the Mercedes as property used to facilitate Southland's narcotics trafficking.

Following Southland's guilty plea and the Preliminary Order of Forfeiture, the government provided direct written notice to Harold Short, Jane Short, and Louis V. Ciardullo, Sr., all of whom filed petitions *pro se* claiming an interest in the Mercedes. *See* 21 U.S. § 853(n)(2) (a third party may petition for a hearing to adjudicate his or her alleged interest in the property to be forfeited). In a Memorandum-Decision and Order entered April 18, 2006, the Court denied the government's motion to dismiss the above-referenced petitions. Dkt. no. 71. Presently before the Court is Harold Short's motion to "rule the original seizure warrant to be illegal", require the government to return the vehicle at issue, dismiss Ciardullo's petition, and award Harold Short compensation for loss of equity in the vehicle as well as expenses he has incurred as a result of the instant litigation. Dkt. no.72.

## DISCUSSION

### Standard

Under Rule 32.2 , when a third party files a petition asserting an interest in property to be forfeited, the court must conduct an "ancillary proceeding." Fed.R.Crim.P. 32.2(c)(1). That ancillary proceeding, although occurring in the context of criminal forfeiture, closely resembles a civil action:

> (A) In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>
> (B) After disposing of any motion [to dismiss] and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

Fed. R. Crim. P. 32.2(c)(1)(A) & (B). The Advisory Committee explained that because ancillary

proceedings can be complicated, "procedures akin to those available under the Federal Rules of Civil Procedure," such as motions to dismiss, discovery, and motions for summary judgment, "should be available to the court and the parties to aid in the efficient resolution of the claims." Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c).

Although Mr. Short has not indicated that his motion is one for summary judgment, he has submitted an affidavit in support of his motion, and seeks an order directing the government to return the Mercedes to him as well as an award compensating him for the costs he has incurred in connection with this matter.  Thus, to the extent it seeks judgment in Mr. Short's favor without a hearing, the instant motion is one for summary judgment.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 258 (1986).  Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute.  *See id*.  The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided.  *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case.  *See id*. at 325.  Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial.  *See* Fed. R. Civ. P. 56(e).  A trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *see Ramseur v.*

3

*Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985).

Rule 7.1 (a)(3) of the Local Rules of the Northern District of New York requires that any motion for summary judgment contain a Statement of Material Facts setting forth:

> in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established.  The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits . . . .  Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.

In this case, Mr. Short failed to file a Statement of Material Facts.  Moreover, although Mr. and Mrs. Short share the same Post Office box, there is no indication in Mr. Short's motion papers that he served Mrs. Short with the instant motion.  Accordingly, Mr. Short's motion is denied without prejudice to the refiling of a motion for summary judgment that conforms with Local Rule 7.1 and has been served on all parties.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that petitioner Harold Short's motion (Dkt. no. 72) **is denied** in its entirety without prejudice to the filing of a motion for summary judgment in conformance with the requirements set forth in Local Rule 7.1; and it is further

**ORDERED** that motions for summary judgment, if any, must be filed on or before November 20, 2007; and it is further

**ORDERED** that if no motions for summary judgment are filed, a hearing on this matter is scheduled for December 6, 2007, at 11:00 a.m., in Syracuse, New York.

**IT IS SO ORDERED.**

Date:  October 24, 2007

_____
Norman A. Mordue
Chief United States District Court Judge